PROB 12C  
(06/17)

July 11, 2022  
pacts id: 226779

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Christopher Vasquez (English)     **Dkt. No.:** 19CR05243-001-CAB

**Reg. No.:** 12962-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** Ct. 1: 21 U.S.C. §§ 952 and 960, Importation of Heroin; Ct. 2: 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, both Class C felonies.

**Date of Revocation Sentence:** April 8, 2022

**Sentence:** 4 months' custody; 24 months' supervised release.  *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** January 18, 2022

**Asst. U.S. Atty.:** Mathew J. Sutton     **Defense Counsel:** Ryan T. Mardock  
(Appointed)  
(619) 738-8363

**Prior Violation History:** Yes.  Please refer to prior court correspondence.

---

### PETITIONING THE COURT
**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)**<br>Enroll in and successfully complete a residential drug treatment program as directed by the probation officer. | 1. On or about June 28, 2022, Mr. Vasquez failed to complete a residential drug treatment program in that he self-discharged from the McAllister Institute Residential Drug Treatment Program. |

***Grounds for Revocation:*** On June 14, 2022, Mr. Vasquez entered the McAllister Institute Adult Detox program located in San Diego, California. On June 29, 2022, this officer attempted to telephonically contact Mr. Vasquez at the McAllister Institute. However, this officer was informed Mr. Vasquez had self-discharged on June 28, 2022.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

Mr. Vasquez was released from custody May 27, 2022. Subsequently, on June 1, 2022, Mr. Vasquez reported to the probation office for supervision instructions. Mr. Vasquez was then given an appointment to meet with the undersigned officer on June 6, 2022. During this visit, the probation officer contacted the Imperial County Behavioral Health Services (ICBHS) in order to make an appointment to get Mr. Vasquez started with psychiatric care. ICBHS had an immediate opening and Mr. Vasquez was instructed to report to ICBHS for his initial assessment. Thereafter, on June 15, 2022, Mr. Vasquez called this officer to inform he had entered the McAllister Institute Adult Detox program. The same day, this officer confirmed with McAllister Institute staff that Mr. Vasquez had entered their detox program and that upon completion of their detox program, Mr. Vasquez would then be transitioned to a residential drug treatment program. Unfortunately, on June 29, 2022, the probation officer attempted to telephonically contact Mr. Vasquez at the McAllister Institute. However, this officer learned Mr. Vasquez had self-discharged on June 28, 2022. On July 1, 2022, Mr. Vasquez called this officer to inform he had left the program and stated he was trying to get himself into another program. However, he was finding it hard to accomplish and when this officer would point out he left the McAllister program without prior authorization, Mr. Vasquez became upset and stated this officer did not understand him. Moreover, it is noted Mr. Vasquez admitted to continued drug use.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Vasquez is a 35-year-old Hispanic man. He is divorced and had four children from previous relationships. Mr. Vasquez has been unemployed and homeless for more than a decade.

As to his criminal history, beside the instant offense, Mr. Vasquez has one prior federal felony conviction for importation of a controlled substance. In addition, he has prior conviction for vehicle theft, theft, resisting arrest, and for driving without a license.

Mr. Vasquez continues to struggle with his methamphetamine and heroin addiction. Moreover, he has been diagnosed with depression, anxiety and bipolar disorder.

## SENTENCING OPTIONS

### CUSTODY (As to Both Counts)

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegation (failure to successfully complete residential drug treatment), constitutes a Grade C violation. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure… and upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

### JUSTIFICATION FOR BENCH WARRANT

The probation officer believes that due to Mr. Vasquez's significant criminal record, combined with his substantial substance abuse history, justifies the issuance of a bench warrant at this time, in order to protect him and the community.

### RECOMMENDATION/JUSTIFICATION

Mr. Vasquez finds himself before Your Honor for the third time for having violated the conditions imposed by the Court. As in his prior revocations, substance abuse appears to be the root cause of his noncompliant behavior. Mr. Vasquez has been addicted to illegal substances for more than 15 years. This time, he appeared to finally want to address his addiction as he entered a detox program in San Diego, California. Unfortunately, he self-discharged and he appears to have once again relapsed into his addiction.

PROB12(C)

| | |
|---|---|
| Name of Offender: Christopher Vasquez | July 11, 2022 |
| Docket No.: 19CR05243-001-CAB | Page 4 |

Therefore, with the aforementioned in mind, it is respectfully recommended Mr. Vasquez be sentenced to 9 months' custody. A term of supervised release to follow is not recommended at this time, as Mr. Vasquez is well aware of all the services available to him, should he want to address his substance abuse addiction.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** July 11, 2022

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

Reviewed and approved:

by _____
Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

_____
Larry Huerta
Supervisory U.S. Probation Officer

PROB12CW                                                                                                                    July 11, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Vasquez, Christopher

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR05243-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Failure to successfully complete a residential drug treatment program | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                                    [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                          [    IV   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                                    [  6 to 12 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Christopher Vasquez | July 11, 2022 |
| Docket No.: 19CR05243-001-CAB | Page 6 |

**THE COURT ORDERS:**

__x__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Cathy Ann Bencivengo
U.S. District Judge

7/11/2022
Date